IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHARLES JARROD BEVERLY                                             PETITIONER

VS.                                            CIVIL ACTION NO. 3:16cv960-DPJ-FKB

WARDEN LARRY SHULTS
and ATTORNEY GENERAL
LORETTA LYNCH                                                     RESPONDENTS

## <u>REPORT AND RECOMMENDATION</u>

Charles Jarrod Beverly is a federal prisoner housed at the Federal Correctional

Complex in Yazoo City, Mississippi.  Beverly was convicted and sentenced in the United

States District Court for the Northern District of Florida for drug offenses.  His sentences

were enhanced pursuant to the career offender provisions of the Sentencing Guidelines

based upon two previous state court convictions for drug offenses.  He brings this action

under 28 U.S.C. § 2241, alleging that the state convictions that were used as enhancers

do not qualify as predicate offenses under the guidelines and that his sentences are

therefore invalid.  The undersigned recommends that petition be dismissed.

Generally, the proper vehicle for challenging a conviction or sentence is a motion

under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of

incarceration.   *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (errors occurring before

or during sentencing should be attacked pursuant to § 2255, not § 2241).   Beverly

argues that he may nevertheless proceed under § 2241 because his claims fall under

the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if

he establishes that a remedy under § 2255 is inadequate or unavailable.   *See* 28

U.S.C. § 2255(e).  A remedy is inadequate if a petitioner's claim (1) is based upon a

retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Beverly's position is that he may claim the benefits of the savings clause because his attack on his sentence enhancement is based upon a newly-recognized, retroactively-applicable rule of law set forth in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).

Beverly's argument fails because the case upon which he relies is not a United States Supreme Court case.  Moreover, it is well-established in the Fifth Circuit that claims challenging only the validity of a sentence enhancement, as opposed to alleging that a conviction was based upon a nonexistent offense, do not fall within the savings clause. *See, e.g.*, *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2010) (claim that petitioner was actually innocent of career offender enhancement did not satisfy savings clause); *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005) (claim that sentence was improperly enhanced did not meet requirements of savings clause); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000) (claim that petitioner was not a career offender under sentencing guidelines did not fall within savings clause).  Consequently, Beverly cannot challenge his sentence enhancement in a § 2241 petition.

For these reasons, the undersigned recommends that the petition be dismissed with prejudice.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that

party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

     Respectfully submitted, this the 23d day of May, 2018.

s/ F. Keith Ball
United States Magistrate Judge
